ELISE M. BLOOM
MYRON D. RUMELD
RUSSELL L. HIRSCHHORN
NOA M. BADDISH
JOSHUA S. FOX
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| PATRICK FORAN, ROBERT AGNEW, TOMMY ALSTON, MICHAEL ARMITAGE, JOSEPH DOORLEY, THOMAS MALECEK, DAG SOHLBERG, | : | 18-cv-10857 (ALC) |
| | : | |
| | : | **ECF CASE** |
| Plaintiffs, | : | |
| -against- | : | |
| | : | **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION** |
| NATIONAL FOOTBALL LEAGUE, NFL EMPLOYEE RECIPROCAL FLEXIBLE BENEFITS PLAN, NATIONAL FOOTBALL LEAGUE CAPITAL ACCUMULATION PLAN, NFL PENSION PLAN, NFL RECIPROCAL TRUST, NATIONAL FOOTBALL LEAGUE EMPLOYEE BENEFITS COMMITTEE, JOSH SCHLITZER, JOHN DOE ENTITIES 1 – 10, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ............................................................................................................... 2

I.     PLAINTIFFS ENTERED INTO BROAD ARBITRATION
AGREEMENTS THAT ENCOMPASS THEIR CLAIMS IN THIS CASE.......... 2

     A.     A Broad Arbitration Provision Need Not Specifically Enumerate
Statutory Employment Claims For Those Claims To Fall Within Its
Scope. .................................................................................................... 3

     B.     The Plaintiffs' Independent Contractor Agreements, By Definition
and Under Applicable Law, Cover Claims Pertaining to Plaintiffs'
Alleged "Employment" Status. ................................................................ 5

II.    THE PARTIES DELEGATED ALL DISPUTES TO THE ARBITRATOR,
AND THE REMAINING TERMS OF ARBITRATION ARE FOR THE
ARBITRATOR TO ADDRESS. ............................................................................ 6

     A.     The Parties Delegated Issues Regarding The Existence, Scope, and
Validity of the Arbitration Agreement to the Arbitrator........................... 7

     B.     The Arbitrator Is Best Suited To Resolve Plaintiffs' Arguments
Regarding the Other Terms of Arbitration. ............................................... 9

III.   DEFENDANTS SEEK A STAY DURING THE PENDENCY OF THE
ARBITRATION PROCEEDINGS. ..................................................................... 10

CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alderman v. 21 Club Inc.*,
   733 F. Supp. 2d 461 (S.D.N.Y. 2010)...................................................................................4

*Brady v. Williams Capital Grp., L.P.*,
   14 N.Y.3d 459 (N.Y. 2010) .................................................................................................9

*Bynum v. Maplebear Inc.*,
   160 F. Supp. 3d 527 (E.D.N.Y. 2016) .................................................................................6

*Ciago v. Ameriquest Mortg. Co.*,
   295 F. Supp. 2d 324 (S.D.N.Y. 2003).................................................................................10

*Contec Corp. v. Remote Solution Co. Ltd.*,
   398 F.3d 205 (2d Cir. 2005)..............................................................................................7, 8

*Cooper v. Ruane Cunniff & Goldfarb Inc.*,
   No. 16-CV-1900, 2017 WL 3524682 (S.D.N.Y. Aug. 15, 2017)...........................................2

*Cronas v. Willis Group Holdings Ltd.*,
   No. 06 CIV. 15295 (GEL), 2007 WL 2739769, at *11 (S.D.N.Y. Sept. 17,
   2007) .....................................................................................................................................5

*Grenawalt v. AT & T Mobility, LLC*,
   937 F. Supp. 2d 438 (S.D.N.Y. 2013) (Carter, J.) ..............................................................6

*Hamerslough v. Hipple*,
   No. 10 CIV. 3056 NRB, 2010 WL 4537020 (S.D.N.Y. Nov. 4, 2010)....................................9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   139 S. Ct. 524, 526 (2019)....................................................................................................7

*Herrera v. Katz Commc'ns, Inc.*,
   532 F. Supp. 2d 644 (S.D.N.Y. 2008)..................................................................................8

*Kuehn v. Citibank, N.A.*,
   No. 12 CIV. 3287 DLC, 2012 WL 6057941 (S.D.N.Y. Dec. 6, 2012) ...................................7

*Michel v. Parts Auth., Inc.*,
   No. 15-CV-5730-ARR-MDG, 2016 WL 5372797 (E.D.N.Y. Sept. 26, 2016) ........................9

*Ouedraogo v. A-1 Int'l Courier Serv., Inc.*,
   No. 12 CIV. 5651 AJN, 2014 WL 1172581 (S.D.N.Y. Mar. 21, 2014)...........................3, 4, 6

*Pilanski v. Metro. Life Ins. Co.*,
    No. 95-cv-10292, 1996 WL 622024 (S.D.N.Y. Oct. 28, 1996)................................................3

*Ragone v. Atlantic Video*,
    595 F.3d 115, 123 (2d Cir. 2010)...............................................................................................9

*Rajjak v. McFrank & Williams*,
    No. 01 CIV 0493 LAP, 2001 WL 799766 (S.D.N.Y. July 13, 2001)...................................4, 5

*Reid v. Supershuttle Int'l, Inc.*,
    No. 08CV4854 JG VVP, 2010 WL 1049613 (E.D.N.Y. Mar. 22, 2010)...............................3

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010)......................................................................................................................7

*Rice Co. v. Precious Flowers Ltd.*,
    No. 12 CIV 0497 JMF, 2012 WL 2006149 (S.D.N.Y. June 5, 2012) ....................................10

*Tamburino v. Madison Square Garden, L.P.*,
    115 A.D.3d 217, 222-23 (2014)..................................................................................................4

*Thomas v. Pub. Storage, Inc.*,
    957 F. Supp. 2d 496 (S.D.N.Y. 2013).........................................................................................3

STATUTES

Employee Retirement Income Security Act ("ERISA")............................................................2, 3, 10

Fair Labor Standards Act ("FLSA") ...........................................................................................2, 3, 4, 6

Family and Medical Leave Act ("FMLA") ....................................................................................2, 3

## PRELIMINARY STATEMENT

Defendants' motion to compel arbitration should be granted because each of the seven Plaintiffs entered into a series of Security Representative Consulting Agreements (the "Agreements") containing a broad, enforceable arbitration provision (the "arbitration provision") that covers their claims in this case.[1] In opposing Defendants' motion, Plaintiffs incorrectly contend that the scope of the arbitration provision in their respective Agreements is not sufficiently broad to cover their employment claims. Plaintiffs argue that their claims are outside the scope of the Agreements because the arbitration provision fails to delineate the specific statutory claims that are subject to arbitration, and because Plaintiffs are bringing employment claims while the arbitration provision is housed in an independent-contractor agreement. However, Plaintiffs fail to distinguish the case law that directly refutes these arguments—the same case law that Judge Schofield cited in granting the motion to compel arbitration of employment claims in *Buckley, et al. v. The National Football League*, No. 1:18-cv-3309,[2] a case involving identical arbitration provisions also contained in independent-contractor agreements.

After making this half-hearted attempt to oppose arbitration, Plaintiffs devote the bulk of their opposition brief to seeking judicial enforcement of their proposed terms for how arbitration should proceed in this matter—most significantly, the fee arrangement. In so doing, Plaintiffs all but ignore the Supreme Court's and Second Circuit's holdings that, where parties have delegated

---

[1] As discussed further in Defendants' moving brief, *see* Defs. Br. 4 n.3, five Plaintiffs entered into the agreements on behalf of their companies, not as individuals.

[2] *See* Dkt. 90-2, Declaration of Elise M. Bloom, Esq. ("Bloom Decl."), Ex. K ("*Buckley* Order").

jurisdictional authority to the arbitrator, as the parties have done here, the arbitrator should resolve any outstanding disputes pertaining to the agreement.

Accordingly, consistent with the undisputed legal precedent and the strong public policy favoring arbitration, Defendants' motion should be granted and each Plaintiff should be compelled to arbitrate his claims.

## **ARGUMENT**

### I.   **PLAINTIFFS ENTERED INTO BROAD ARBITRATION AGREEMENTS THAT ENCOMPASS THEIR CLAIMS IN THIS CASE.**

Plaintiffs acknowledge that they agreed to the operative arbitration provision and that it extends to "any dispute arising out of or related to" the Agreements and the services provided thereunder. Dkt. 90-1, Bloom Decl., Exs. A-H, ¶ 18(e).[3] Plaintiffs similarly concede that the Agreements themselves explicitly address each Plaintiff's status as an independent contractor (*see, e.g.*, ¶ 13), his compensation, the services he was to provide (*see, e.g.*, ¶ 1) as well as his ineligibility for benefits (*see, e.g.*, ¶ 13). Nonetheless, Plaintiffs contend that the scope of the arbitration provision does not encompass their "statutory employment rights" under the Fair Labor Standards Act ("FLSA") (and various related state wage-and-hour laws), the Employee Retirement Income Security Act ("ERISA"), and as to two Plaintiffs, the Family and Medical Leave Act ("FMLA") because: (i) the arbitration provision does not specifically enumerate the statutory claims and thus did not put them on notice that those claims are subject to arbitration;

---

[3] Plaintiffs mention in passing that certain of the Defendants—NFL Employee Reciprocal Flexible Benefits Plan, National Football League Capital Accumulation Plan, NFL Pension Plan, NFL Reciprocal Trust, National Football League Employee Benefits Committee, and Josh Schlitzer—were not explicit signatories to the Agreements, though they do not argue that this impacts the arbitrability analysis. Pls. Br. 12. Needless to say, it does not. *See, e.g.*, *Cooper v. Ruane Cunniff & Goldfarb Inc.*, No. 16-CV-1900, 2017 WL 3524682, at *2 (S.D.N.Y. Aug. 15, 2017) (compelling arbitration of employee's ERISA action raised against non-signatory plan-administrator defendants pursuant to broad arbitration provision).

2

and (ii) the Agreements address Plaintiffs' status as independent contractors. Pls. Br. 12-16.

Plaintiffs' contentions are without merit and are not supported by applicable law.

> **A.**  **A Broad Arbitration Provision Need Not Specifically Enumerate Statutory Employment Claims For Those Claims To Fall Within Its Scope.**

Despite Plaintiffs' unfounded argument otherwise, there is simply no requirement that an arbitration provision spell out each and every statutory claim it might cover. The law in this Circuit is clear that broad arbitration provisions compel arbitration of the claims within its scope, regardless of whether any covered statutory claims are specifically enumerated therein. *See, e.g.*, *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12 CIV. 5651 AJN, 2014 WL 1172581, at *1 (S.D.N.Y. Mar. 21, 2014) (compelling arbitration of FLSA claim pursuant to arbitration provision broadly encompassing "any dispute, claim, question, or disagreement arising from or relating to [the Agreement] or breach thereof"); *Thomas v. Pub. Storage, Inc.*, 957 F. Supp. 2d 496, 497-500 (S.D.N.Y. 2013) (holding that broad arbitration clauses, like the provision in this case, cover "statutory claims even if the 'clause at issue does not mention [the specific] statutes or statutes in general'"); *Reid v. Supershuttle Int'l, Inc.*, No. 08CV4854 JG VVP, 2010 WL 1049613, at *5 (E.D.N.Y. Mar. 22, 2010) (compelling arbitration of ERISA claims pursuant to provision requiring arbitration of "any controversy arising out of [independent-contractor] Agreement"); *Pilanski v. Metro. Life Ins. Co.*, No. 95-cv-10292, 1996 WL 622024, at * 1 (S.D.N.Y. Oct. 28, 1996) (compelling arbitration of employee's FMLA claim where agreement required arbitration of "any dispute claim or controversy arising out of or in connection with" defendant); *Buckley* Order at 5-6; Defs. Br. 12-13.

Plaintiffs cite no case law to the contrary and do not even attempt to distinguish any of the authority cited by Defendants. Instead, Plaintiffs focus on a single case, *Ouedraogo v. A-1 International Courier Service, Inc.* ("*Ouedraogo*"), and contend that Judge Nathan, who

rendered the decision, came to the *wrong* decision when she compelled arbitration of FLSA claims pursuant to an arbitration clause that did not enumerate the statutory claims it covered. 2014 WL 1172581, at *2-3. However, *Ouedraogo* (which is cited with approval by Judge Schofield in *Buckley*) squares with all other precedent on this issue in correctly holding that the broad nature of the agreement (which required the plaintiffs to arbitrate "any dispute" "relate[d] to" the parties' contract) encompassed FLSA claims. *Id.* The same conclusion should be reached in this case.

Plaintiffs' attempt to carve out an exception specific to employment claims is baseless. There is no support for their contention that there is "longstanding precedent requiring specific notice that employment related claims are covered by an arbitration agreement." *See* Pls. Br. 15. Indeed, the only cases they cite in support are those addressing the arbitrability of discrimination claims, which by Plaintiffs' own admission, are not at issue here.[4] This distinction alone renders these cases inapposite.[5] *See* Pls. Br. 13-14. But even if discrimination claims *were* at issue, the arbitration provision would extend to those claims as well, as Judge Schofield correctly held in *Buckley* when compelling arbitration of the plaintiffs' discrimination claims. *See Buckley* Order at 5-6. There, Judge Schofield reasoned that the plaintiffs' claims, including those under the Age Discrimination in Employment Act, were within the "broad" scope of the arbitration provision, without requiring any further or heightened notice to the plaintiffs. *See, e.g.*, *Rajjak v. McFrank*

---

[4] While one of the Plaintiffs, Patrick Foran, recently filed a discrimination charge with the Equal Employment Opportunity Commission on March 12, 2019, he does not assert any such claims in the Complaint in this action.

[5] Plaintiffs also cite cases pertaining to arbitration clauses in collective bargaining agreements (*see, e.g.*, Pls. Br. at 14, citing *Tamburino v. Madison Square Garden, L.P.*, 115 A.D.3d 217, 222-23 (1st Dep't 2014) and *Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2010)) which are also entirely inapplicable here, as no collective bargaining agreement is at issue.

*& Williams*, No. 01 CIV 0493 LAP, 2001 WL 799766, at *1-3 (S.D.N.Y. July 13, 2001)

(compelling arbitration of discrimination claims pursuant to agreement to arbitrate "any dispute

of any kind between them, whether or not arising out of this Agreement" and explaining that

"[a]lthough the arbitration clause . . . does not explicitly refer to employment disputes, the

language is clear and it was sufficient to put [plaintiff] on notice that he had agreed to arbitrate

all claims"); *Buckley* Order at 6.[6]

> **B.      The Plaintiffs' Independent Contractor Agreements, By Definition and**
> **Under Applicable Law, Cover Claims Pertaining to Plaintiffs' Alleged**
> **"Employment" Status.**

Plaintiffs also argue that because the arbitration provision is located in independent-

contractor agreements that disclaim any "employment" relationship, the arbitration provision

does not cover the "employment" claims at issue. Judge Schofield's holding in *Buckley* is again

instructive here, particularly because it addresses the scope of the very same arbitration

provision. Judge Schofield rejected a similar argument and compelled arbitration of employment

claims, noting that "Plaintiffs' relationship with the NFL is, at the very least, related to the

Agreements because without the Agreements, a relationship—whether as an employee or

independent contractor—would not exist at all." *Buckley* Order at 6. Because Plaintiffs are

---

[6] The cases cited by Plaintiffs are consistent with Judge Schofield's ruling. For instance, in *Cronas v. Willis Group Holdings Ltd.*, the court did not compel arbitration of discrimination claims under the terms of a more narrowly tailored arbitration clause that required arbitration of any dispute "arising under th[e] Agreement," which is not the case here. No. 06 CIV. 15295 (GEL), 2007 WL 2739769, at *11 (S.D.N.Y. Sept. 17, 2007). In so holding, the court drew a critical distinction, noting that *had* the agreement more broadly covered disputes "relating to" the agreement, rather than only "arising under" the agreement, the discrimination claims would have been covered by the arbitration provision. *Id.* The arbitration provision at issue in this case therefore squares with the distinction drawn by the court in *Cronas*, as it encompasses "any dispute arising out of ***or related to***" the Agreement. *See* Dkt. 90-1, Bloom Decl., Exs. A-H, ¶ 18(e) (emphasis added). Accordingly, *Cronas* further supports Defendants' position that all claims at issue must be arbitrated pursuant to the broad arbitration provision.

explicitly disputing the terms set forth in their Agreements—their status as contractors rather than employees, their compensation, and their lack of benefits—it necessarily follows that these disputes are covered by the arbitration provision. Other courts, including this Court, have come to the same conclusion. *See, e.g.*, *Grenawalt v. AT & T Mobility, LLC*, 937 F. Supp. 2d 438, 456 (S.D.N.Y. 2013) (Carter, J.) (compelling arbitration of claim for unpaid wages pursuant to arbitration provision in independent-contractor agreement); *Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 541 (E.D.N.Y. 2016) (compelling arbitration of FLSA claims based on arbitration provision in "Independent Contractor Agreement"); *Ouedraogo*, 2014 WL 1172581, at *3 (compelling arbitration of FLSA claims pursuant to agreement "expressly disclaiming the existence of an employer-employee relationship between the parties"). Plaintiffs do not cite a single case that arrives at a contrary conclusion.[7] In short, the case law in this jurisdiction makes plain that a broad arbitration provision located within an independent-contractor agreement will apply to issues pertaining to alleged employment status and accompanying statutory rights. There is no basis for the Court to deviate from this holding here.

## II.   THE PARTIES DELEGATED ALL DISPUTES TO THE ARBITRATOR, AND THE REMAINING TERMS OF ARBITRATION ARE FOR THE ARBITRATOR TO ADDRESS.

Plaintiffs spend the majority of their brief arguing *not* against arbitration per se, but rather arguing that there are issues regarding how the arbitration should proceed that the Court should resolve and that, in their view, may ultimately compromise their right to effectively arbitrate

---

[7] In support, Plaintiffs cite only their cookie-cutter declarations attesting to the fact that they signed independent-contractor agreements that disclaimed their status as employees— declarations which mimic those filed in *Buckley*. *See* Dkt. 94-1, Declaration of Michael Halberstam, Esq., Exs. A-G. None of these declarations shed light on the issues before the Court or change the conclusion that broad arbitration clauses contained in independent-contractor agreements cover employment claims.

their claims. This argument fails because the issues they identify—particularly, their challenge to the parties' fee arrangement—are for the arbitrator alone to resolve.

### A.  The Parties Delegated Issues Regarding The Existence, Scope, and Validity of the Arbitration Agreement to the Arbitrator.

Having agreed to incorporate into the Agreements the American Arbitration Association ("AAA") rules—which give the arbitrator power to determine the existence, scope, or validity of the arbitration agreement—the parties delegated any remaining issues to the arbitrator for resolution. *See Contec Corp. v. Remote Solution Co. Ltd.*, 398 F.3d 205, 211 (2d Cir. 2005).

Thus, Plaintiffs' contention that the fee-splitting provision gives rise to a threshold question of whether they can effectively vindicate their claims in arbitration does not alter this conclusion. The Supreme Court's recent decision in *Henry Schein, Inc. v. Archer & White Sales, Inc.* holds that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts *must* respect the parties' decision as embodied in the contract." 139 S. Ct. 524, 526 (2019) (emphasis added). This holding underscores the Supreme Court's position that courts must respect the intent of the parties to delegate to the arbitrator responsibility to address prescribed issues. In particular, where an arbitration provision delegates to the arbitrator the authority to determine her own jurisdiction, it is for the arbitrator to determine whether the parties' fee arrangement is enforceable. *See, e.g.*, *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72-74 (2010) (enforcing provision that delegated issues of "interpretation, applicability, enforceability or formation" of the arbitration agreement to the arbitrator and leaving the plaintiff's fee-splitting challenge for the arbitrator to address); *Kuehn v. Citibank, N.A.*, No. 12 CIV. 3287 DLC, 2012 WL 6057941, at *4 (S.D.N.Y. Dec. 6, 2012) (holding that arbitration agreement delegated plaintiff's challenge to fee-splitting arrangement to the arbitrator).

Plaintiffs suggest that *Schein* is not applicable here because the Supreme Court did not

7

explicitly address the question of whether parties may delegate issues to an arbitrator by incorporating arbitration rules. *See* Pls. Br. 29. They ignore, however, that the Second Circuit has held that where an arbitration agreement designates rules that allow the arbitrator to determine her own jurisdiction, and where that agreement broadly governs any dispute, there is "clear and unmistakable evidence" that issues pertaining to arbitration (including arbitrability and validity itself) are properly delegated to the arbitrator. *Contec*, 398 F.3d at 211.

In short, any alleged issues regarding the terms and rules of the arbitration, including the amount and allocation of fees for the arbitration, should not factor into the Court's decision to compel arbitration. Rather, these are all issues that the parties agreed to delegate to the arbitrator for resolution and which the arbitrator is particularly suited to resolve.

Even if the arbitrator did not have the authority to resolve any outstanding enforceability issues—which she does—Plaintiffs do not offer the necessary evidence that would allow this Court to rule on their argument regarding the parties' fee-splitting provision.[8] Their lengthy exposition commenting on the various approaches taken by *other* Circuits in evaluating access to the arbitral forum is simply irrelevant. *See* Pls. Br. 20-29. As correctly held by Judge Schofield in *Buckley*,[9] access to the arbitral forum is judged pursuant to a case-by-case analysis focusing

---

[8] The language in the arbitration provision stating that each party "shall bear its own attorneys' fees" is consistent with Plaintiffs' obligations were this case brought in court and does not preclude Plaintiffs from recovering attorneys' fees to the extent they prevail as to their employment claims. Any such recovery will be governed by the applicable statutory provision. *See, e.g.*, *Herrera v. Katz Commc'ns, Inc.*, 532 F. Supp. 2d 644, 647 (S.D.N.Y. 2008) (holding that similar language holding parties responsible for their own attorney's fees "cannot fairly be read to be intended to waive or overrule the statutory provision permitting the award of attorney's fees as part of a final award"); *see also Buckley* Order at 8.

[9] Plaintiffs inconsistently interpret the decision in *Buckley*. They selectively construe the *Buckley* ruling as binding where they (incorrectly) believe it works to their advantage, and disavow it entirely where it does not. *Compare* Pls. Br. 3 (incorrectly interpreting *Buckley* as imposing certain conditions on the manner of arbitration) *with* Pls. Br. 10 (disagreeing with *Buckley* insofar as it upholds the enforceability of the fee-splitting provision). Plaintiffs' reading of

on the claimant's ability to pay the fees and costs in *this* arbitration. *See, e.g.*, *Hamerslough v. Hipple*, No. 10 CIV. 3056 NRB, 2010 WL 4537020, at *3–4 (S.D.N.Y. Nov. 4, 2010) (explaining that "courts generally undertake a case-by-case analysis focusing on the claimant's ability to pay the arbitration fees and costs"); *Brady v. Williams Capital Grp., L.P.*, 14 N.Y.3d 459, 467 (N.Y. 2010) (holding that "the issue of a litigant's financial ability is to be resolved on a case-by-case basis and that the inquiry should at minimum consider . . . whether the litigant can pay the arbitration fees and costs"); *see also Buckley* Order at 9. Here, Plaintiffs offer only general speculation that falls short of what is required under the law.[10]

### B. The Arbitrator Is Best Suited To Resolve Plaintiffs' Arguments Regarding the Other Terms of Arbitration.

Plaintiffs' remaining arguments are attempts to have this Court rule on how arbitration should proceed—specifically, which AAA Rules apply and whether the claims should be consolidated.[11] Each of these subjects is well within the province of the arbitrator and has no impact on the enforceability or scope of the arbitration provision here. *See Michel v. Parts Auth., Inc.*, No. 15-CV-5730-ARR-MDG, 2016 WL 5372797, at *5 n.5 (E.D.N.Y. Sept. 26, 2016) (addressing arbitration agreement without delegation clause and explaining that "the applicability of AAA rules are questions for the arbitrator to decide in the first instance"); *Rice Co. v.*

---

*Buckley* is irreconcilable, and they cannot have it both ways. Regardless, the *Buckley* decision properly compels arbitration of all claims.

[10] Plaintiffs' argument that *Ragone v. Atlantic Video* requires the Court to sever the fee-splitting provision is plainly incorrect. The district court in *Ragone* was not required to address whether severance was proper. 595 F.3d 115, 123 (2d Cir. 2010).

[11] Plaintiffs concede that their claims should be arbitrated on an individual basis absent agreement from Defendants. *See* Pls. Br. 27. For good reason, Defendants could not accept Plaintiffs' belated "proposal" for a consolidated arbitration, as Plaintiffs' individualized claims (including their state-specific wage-and-hour claims) and circumstances warrant individual adjudication by an arbitrator.

*Precious Flowers Ltd.*, No. 12 CIV. 0497 JMF, 2012 WL 2006149, at *4 (S.D.N.Y. June 5, 2012) ("[C]ourts have uniformly held that, absent a clear agreement to the contrary, the question of whether arbitration proceedings should (or should not) be consolidated is a procedural matter to be decided by the arbitrators, not by a court."); *Ciago v. Ameriquest Mortg. Co*., 295 F. Supp. 2d 324, 330 (S.D.N.Y. 2003) ("Once this Court determines that the parties have agreed to arbitrate, the validity and meaning of specific provisions within the Agreement to arbitrate is a matter for the arbitrator to decide."). Accordingly, the arbitrator is not only entitled to resolve any outstanding jurisdictional issues as a result of the parties' delegation provision, but she is also best suited to address the extraneous issues as to how the arbitration should proceed, all of which are immaterial to the instant motion.

### III.   DEFENDANTS SEEK A STAY DURING THE PENDENCY OF THE ARBITRATION PROCEEDINGS.

Despite Plaintiffs' suggestion to the contrary, Defendants do not seek dismissal of this case at this time.[12] Rather, Defendants maintain their request that the case be stayed in its entirety until arbitration concludes, as is required under the law and as was so ordered in *Buckley*. *See* Defs. Br. 16-17; *Buckley* Order at 9.

### CONCLUSION

For all the forgoing reasons, and for the reasons set forth in Defendants' moving brief, Defendants respectfully request that the Court grant their motion to compel arbitration and stay this action, and all other relief that the Court may deem just and proper.

---

[12] Defendants do intend to subsequently file a motion to dismiss a number of claims, whether in arbitration or in Court, and reserve their rights accordingly. For instance, certain of Plaintiffs' ERISA claims are time barred and should be dismissed as a matter of law.

Dated: New York, New York
       March 25, 2019

PROSKAUER ROSE LLP

By:    */s/ Elise M. Bloom*

ELISE M. BLOOM
MYRON D. RUMELD
RUSSELL L. HIRSCHHORN
NOA M. BADDISH
JOSHUA S. FOX
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900

*Attorneys for Defendants*:
*The National Football League*; *NFL Employee*
*Reciprocal Flexible Benefits Plan*; *National*
*Football League Capital Accumulation Plan; NFL*
*Pension Plan*; *NFL Reciprocal Trust*
*National Football League Employee Benefits*
*Committee; Josh Schlitzer*